

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2007

# USA v. Adderly

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1646

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Adderly" (2007). *2007 Decisions.* Paper 1591.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1591

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 06-1646

UNITED STATES OF AMERICA

v.

JIMMY D. ADDERLY,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 04-CR-549
District Judge: The Honorable Jerome B. Simandle

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 13, 2007

Before: SMITH and FISHER, *Circuit Judges*,
and DIAMOND, *District Judge**

(Filed: February 20, 2007)

OPINION

DIAMOND, *District Judge*.

On July 28, 2004, Jimmy D. Adderly waived prosecution by indictment and

---

*The Honorable Gustave Diamond, Senior District Judge for the United
States District Court for the Western District of Pennsylvania, sitting by
designation.

pleaded guilty pursuant to a written plea agreement to a one count information charging him with possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On January 27, 2005, the District Court sentenced Adderly to, *inter alia*, 151 months of imprisonment.

During all proceedings in the District Court, Adderly was represented by Attorney Francis S. Cutruzzula. Although Adderly advised Mr. Cutruzzula that he wished to appeal his sentence, counsel did not file a notice of appeal. Adderly filed a *pro se* petition under 28 U.S.C. § 2255, claiming ineffective assistance of counsel and seeking a court order which would permit him to appeal his sentence. Current counsel, Anne C. Singer, was appointed to represent Adderly on the § 2255 petition, which the District Court granted by order dated February 17, 2006. The order granting the § 2255 petition required counsel to file a notice of appeal *nunc pro tunc* on Adderly's behalf, which was done.[1]

Adderly's counsel concluded that there were no non-frivolous issues to appeal and filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), together with a supporting brief. Consistent with this Court's local rule, the *Anders* brief was served on Adderly and he was advised that he could file an informal response brief. *See* Third Circuit L.A.R. 109.2(a). Adderly never filed any such brief. After considering

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

the arguments presented by defense counsel, the prosecution agreed that there were no non-frivolous issues to raise on appeal.

In *Anders*, the Supreme Court held that the "constitutional requirement of substantial equality and fair process" necessitates that appellant's counsel vigorously act as an advocate for the defendant. 386 U.S. at 744. Thus, counsel's

> role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

*Id.* In *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001), we reiterated that an *Anders* brief must demonstrate that counsel has "thoroughly examined the record in search of appealable issues," and it must "explain why the issues are frivolous." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)).

We have thoroughly reviewed the record in this appeal and we conclude that defense counsel has satisfied *Youla*'s requirements. Her brief set forth the factual background and the procedural history of the case, she explained that the waiver of indictment and plea hearing and the sentencing hearing conformed with all legal requirements, and she identified three possible issues for appeal relative to the District Court's application of the advisory United States Sentencing Guidelines, and explained why each issue was frivolous.

We agree with defense counsel that there is no basis to contest the validity of

3

Adderly's waiver of indictment and guilty plea. Our review of the plea colloquy demonstrates that the District Court complied with the mandates of Federal Rule of Criminal Procedure 11 and *Boykin v. Alabama*, 395 U.S. 238 (1969). The District Court's plea colloquy was thorough, the constitutional requirements for a valid plea were established and it was confirmed that Adderly was competent and understood the nature of the proceeding. Accordingly, we conclude that Adderly's waiver of indictment and guilty plea were knowing and voluntary.

Likewise, defense counsel is correct that the sentencing hearing held by the District Court complied with Federal Rule of Criminal Procedure 32(i), which sets forth the requirements for sentencing. The District Court confirmed that the parties received the presentence report, and defense counsel and the government were given the opportunity to comment on the report and voice any objections. The District Court also gave defense counsel an opportunity to speak on Adderly's behalf, and Adderly was given the chance to address the court. Thus, we conclude there is no basis to contest the adequacy of the sentencing hearing.

Defense counsel also correctly points out that there are no non-frivolous issues for appeal concerning the District Court's application of the career offender provision set forth in § 4B1.1 of the advisory United States Sentencing Guidelines. Counsel identified as a possible issue for appeal whether the District Court abused its discretion in refusing to mitigate Adderly's sentence based on his argument that career offender status overstated his criminal history. Counsel correctly notes, however, that this Court lacks

4

jurisdiction to review a district court's decision to deny a downward departure, where, as here, the district court determines a departure is not warranted. *See Cooper*, 437 F.3d at 333 (declining to review a district court's discretionary decision to deny departure).

We also agree with defense counsel that another possible issue for appeal, that is, whether the District Court erred in applying U.S.S.G. § 4B1.1 because Adderly was not advised before pleading guilty that the career offender Guideline might apply, lacks merit because there is no such requirement. The District Court properly advised Adderly at his plea hearing that the statutory maximum term of imprisonment was 20 years, that it was not known at that time what his sentence would be, and that the determination of an appropriate sentence would have to await preparation of the presentence report. The District Court also explained how the advisory Sentencing Guidelines work. Adderly was advised about the maximum possible sentence, and his sentence of 151 months imprisonment was within that maximum, thus we conclude that the District Court did not err in applying the career offender provision under the advisory Guidelines.

Finally, defense counsel is correct that there is no non-frivolous issue for appeal based on the two point increase in the advisory Guideline calculation under U.S.S.G. § 2D1.1(b)(1) because Adderly possessed a firearm in relation to the drug crime. As a result of Adderly's classification as a career offender, the assessment of those two points did not otherwise increase his sentence.

In sum, after conducting our own independent review, we find no non-frivolous issues to raise on appeal. Accordingly, we will grant counsel's motion to withdraw and

5

we will affirm the January 28, 2005 judgment of the District Court.  We further certify that the issues presented in this appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court.  Third Circuit L.A.R 109.2(b).